# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL LEE McCLELLAN, ] | |
| ] | |
| Movant, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 02-UWC-RRA-8051-S |
| ] | CRIMINAL NO. 01-UWC-RRA-283-S |
| ] | |
| THE UNITED STATES OF AMERICA, ] | |
| ] | |
| Respondent. ] | |

## **MEMORANDUM OPINION**

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255. The movant, Samuel Lee McClellan, was convicted in this court on August 30, 2001, on his plea of guilty to one count of distribution of in excess of 50 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(Count 1) and one count of Possession with intent to distribute in excess of 50 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(Count 2).[1] He was sentenced on March 26, 2002, to a term of imprisonment for 121 months. McClellan did not appeal his conviction or sentence.

McClellan has now filed a § 2255 motion to vacate, set aside, or correct his sentence. In support of his motion, he claims that: 1) the indictment was defective because it failed to name the buyer of the drugs at issue; 2) he was entrapped into selling the drugs; and 3) his rights under the Speedy Trial Act were violated.

---

[1] Pursuant to a plea agreement, Count 3 of the indictment was dismissed.

In response to the court's orders to show cause, the respondent has filed an answer in which it maintains that the claims are due to be dismissed because they are procedurally barred and / or without merit. In response to the respondents' answers, the movant has filed an unsworn traverse and an addendum to his traverse.

McClellan's claims are procedurally barred from review in this court. "In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding." *Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). The movant did not present his claims on appeal to the Eleventh Circuit Court of Appeals.

If a defendant fails to pursue an available claim on direct appeal, he is barred from presenting the claim in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error. *Id. See also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir.), *cert. denied,* 498 U.S. 849 (1990). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997). In addition to showing cause, the movant must also demonstrate that he was prejudiced. To show prejudice, he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in

original).  *United States v. Frady*, 456 U.S. 152, 170 (1982).  A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent."  *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

The movant has made no attempt to establish cause and prejudice to excuse the procedural default of his claims.  Nor has he alleged facts to support the "fundamental miscarriage of justice" exception.  Therefore, McClellan is procedurally barred from raising his claims in this court, and his motion is due to be denied.

An appropriate order will be entered.

Done this 23rd day of March, 2005.

_____
U.W. Clemon
Chief United States District Judge